WAGBO v. SMISETH.

CANCELLATION OF INSTRUMENTS—DEEDS—MENTAL INCOMPETENCY—CONFIDENTIAL RELATIONS.

In a suit to set aside a deed executed by a man 84 years of age, the decree of the court below setting aside the deed upon return to defendant of the consideration paid therefor, *held*, justified by evidence showing that grantor was feeble mentally and physically, that the consideration was inadequate, and that defendant took advantage of her relation to him as his confidante.

Appeal from Leelanau; Mayne (Frederick W.), J. Submitted April 15, 1924. (Docket No. 77.) Decided June 2, 1924.

Bill by Herman Wagbo, administrator of the estate of Christian Wagbo, deceased, against Jennie Smiseth to set aside a deed on the ground of fraud. From a decree for plaintiff, defendant appeals. Affirmed.

*C. L. Dayton,* for plaintiff.

*J. J. Tweddle,* for defendant.

Wiest, J. This is a suit to set aside a deed executed by Christian Wagbo, June 10, 1922, conveying to defendant 11 acres of land for the consideration of $400, of which $100 was paid and $300 agreed to be paid in sums as requested by the grantor. The bill alleges mental incompetency on the part of the grantor and gross inadequacy of price. The answer denies such allegations. Christian Wagbo was 84 years of age at the time the deed was executed and was feeble mentally and physically. His wife had died about two months before and he was obsessed with the idea that he must pay her funeral expenses, amounting to $100, although he had repeatedly been assured there was no hurry and the expenses had been guaranteed by a relative. Defendant operated a grocery store in Suttons Bay, was not a relative but had long been acquainted with Mr. Wagbo, and appears to have been his confidante in his few simple affairs, after the death of his wife. On June 10, 1922, he visited the store of the defendant and asked her to buy his little farm. She informed him she did not have the money and he said he wanted $100 to pay the undertaker. A deed was executed and defendant gave Mr. Wagbo $100, and executed two notes, one for $200 and one for $100, and kept the notes in her store safe. Mr.

Wagbo paid the undertaker the same day and brought the receipt to defendant and this was placed with the notes. At the hearing defendant produced the note of $200 and $100 in currency. After the giving of the deed a guardian was appointed for Mr. Wagbo and a tender made to defendant of the $100 she had paid and she was asked to convey the property back. This she refused to do. Thereupon the guardian, in behalf of his ward, filed this bill, and at the death of the ward the suit was revived in the name of the administrator of his estate. The circuit judge entered a decree setting the deed aside upon the payment of $100 to the defendant less the costs. The case is here by appeal.

The deed included the personal property on the farm, but it appears it was of small value. It was also agreed, but not included in the deed, that Mr. Wagbo should have the use of the house on the premises during his lifetime. We have examined the evidence and, while it is somewhat weak upon the question of the mental incompetency of Mr. Wagbo, yet, considering his feebleness of mind and body, we are convinced defendant took an unconscionable advantage of his dotage and obtained the property at a grossly inadequate price. We are satisfied from the evidence that the premises were worth about $800. The whole arrangement evidences such childlike simplicity on Mr. Wagbo's part in fixing the price and in obtaining only $100 and leaving all obligations wholly in the hands of defendant, and it is so clear that defendant, who has had some experience in buying real estate, took advantage of the old man's feebleness and obsession and of her relation as his confidante that the transaction should be set aside. At the death of his wife this old man was left without a pilot, and when defendant found him off the course of common sense she should have set him right instead of taking sharp advantage of his foolish offer.

Defendant insists the place is worth no more than $400;' very well, if she really feels that way, then if she gets back the $100 she paid and is released from paying $300 more, she loses nothing but this lawsuit.

The circuit judge reached the right conclusion and the decree is affirmed, with costs against defendant.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.